■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICE SMITH, Appellant. [750 NYS2d 730] —Appeal from a judgment of Erie County Court (DiTullio, J.), entered December 1, 1999, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1], [3] [intentional murder and felony murder]) and one count of robbery in the first degree (§ 160.15 [1]). The acts occurred when defendant was 16. The victim was a 71-year-old man with whom defendant had an eight-month relationship that began when she was 15. The evidence presented by the People included defendant's statement that the victim gave defendant money and gifts in return for sexual favors, and defendant gave similar testimony at trial. Defendant contends that County Court erred in precluding her from presenting non-expert testimony to support the defense of

extreme emotional disturbance based on her failure to comply with the notice requirement of CPL 250.10 (2) and further erred in denying her request to instruct the jury on that defense. "A defendant cannot establish an extreme emotional disturbance defense without evidence that he or she suffered from a mental infirmity not rising to the level of insanity at the time of the homicide" (*People v Roche,* 98 NY2d 70, 75). Here, in attempting to persuade the court that notice pursuant to CPL 250.10 (2) was not required, defense counsel explicitly stated that he had not, and would not, elicit any testimony that defendant had a mental disease or defect. Thus, even if the precluded testimony had been received, defendant would not have been entitled to a charge on the defense of extreme emotional disturbance. We therefore need not decide whether notice pursuant to CPL 250.10 (2) is required for mental health testimony by non-experts.

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pine, J.P., Hayes, Scudder, Kehoe and Lawton, JJ.